IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOHN D. ROSS
ADC #158910                                                                                                PLAINTIFF

v.                            Case No. 2:20-cv-00235-KGB-JJV

GREG RECHCIGL,
Health Services Administrator, EARU, *et al.*                                          DEFENDANTS

**ORDER**

Before the Court are Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Joe J. Volpe screening plaintiff John D. Ross's complaint (Dkt. No. 9). Mr. Ross has filed written objections to the Recommendations (Dkt. No. 10).

After careful consideration of the Recommendations and the objections, and after a *de novo* review of the record, the Court adopts the Recommendations as the Court's findings of fact and conclusions of law in all respects (Dkt. No. 9).

In his Recommendations, Judge Volpe screened Mr. Ross' 112-page handwritten complaint pursuant to 28 U.S.C. § 1915(a) (Dkt. No. 9). Judge Volpe found, for purposes of screening, that Mr. Ross had pled a plausible Eighth Amendment claim that, from July 3, 2018, to August 23, 2020, defendants Rechcigl, Kerstein, Campbell, Drummond, Bennett, Mixon, Gardner, Wellpath, Dominiciss, Perez, Pangburn, Griffin, Andrews, Lay, Dycus, and Allison failed to provide him with constitutionally adequate medical care (*Id.*, at 8). Judge Volpe recommended that Mr. Ross' Fourteenth Amendment and tort of outrage claims be dismissed without prejudice for failure to state a claim upon which relief may be granted (*Id.*). Finally, Judge Volpe recommended that defendants Kimble, Douglas, Jackson, Johnson, HIG Capital, John Smith the

Chief Executive Officer of HIG Capital, Joe Smith the Chief Financial Officer of HIG Capital, James Smith the Chief Medical Officer of HIG Capital, Munn, Norton, and Randle be dismissed without prejudice as parties to this lawsuit (*Id.*).

In his objections, the Court understands Mr. Ross to object to the dismissal of HIG Capital and its officers (Dkt. No. 10, at 3-4). Mr. Ross admits that HIG Capital is a private equity firm but maintains that it "writes policies, establishes practices and standards and manages Wellpath's finances," which he contends establishes "a plausible claim of vicarious alter-ego liability as the plausible inference that Wellpath is an agent of HIG Capital." (*Id.*). Having reviewed the record *de novo,* along with Judge Volpe's Recommendations and Mr. Ross's objections to the Recommendations, the Court determines that Mr. Ross's allegations in his complaint do not establish this during the relevant and actionable time period (Dkt. No. 2).

Mr. Ross objects to the dismissal without prejudice of defendants Munn, Randle, and Norton (Dkt. No. 10, at 4-7). He contends these individuals are employees and agents of the Arkansas Department of Correction and, in that capacity, had a duty to protect and to see that any contractor such as Wellpath LLC performed to the levels as required by the contract (*Id.*, at 4). Having reviewed the record *de novo*, along with Judge Volpe's Recommendations and Mr. Ross's objections to the Recommendations, the Court determines that Mr. Ross's allegations in his complaint do not sufficiently state actionable claims against these defendants during the relevant and actionable time period (Dkt. No. 2).

Mr. Ross asserts that defendant Kimble was the Director of Nursing through the end of 2018 and has been the Assistant Health Services Administrator since that time (Dkt. No. 10, at 7). Mr. Ross maintains that, as a result of those roles, Kimble "had a direct and daily say in the care and treatment" he received (*Id.*). Having reviewed the record *de novo*, along with Judge Volpe's

Recommendations and Mr. Ross's objections to the Recommendations, the Court determines that Mr. Ross's allegations in his complaint do not establish this during the relevant and actionable time period (Dkt. No. 2).  Further, Mr. Ross has named as a defendant Rechcigl who served as the Health Services Administrator based on Mr. Ross's allegations.

Mr. Ross objects to the recommendation that the Court dismiss without prejudice his tort of outrage claim (Dkt. No. 10, at 7).  Having reviewed the record *de novo*, along with Judge Volpe's Recommendations and Mr. Ross's objections to the Recommendations, and having considered the controlling law with respect to tort of outrage claims, this Court disagrees with and overrules Mr. Ross's objection with respect to the tort of outrage claim.

Mr. Ross asserts that Judge Volpe applied the wrong standard to review his pro se complaint (*Id.*, at 9-11).  Having reviewed the record *de novo*, along with Judge Volpe's Recommendations and Mr. Ross's objections to the Recommendations, this Court disagrees with Mr. Ross's contention on this point.

After careful consideration of the Recommendation, all objections filed by Mr. Ross in response, and a *de novo* review of the record, the Court adopts the Recommendation in its entirety (Dkt. No. 9).  Based on the Court's review and adoption of this Recommendation:  (1) Mr. Ross may proceed with his claim that, from July 3, 2018, to August 23, 2020, defendant Rechcigl, Kerstein, Campbell, Drummond, Bennett, Mixon, Gardner, Wellpath LLC, Dominicis, Perez, Pangburn, Griffin, Andrews, Lay, Dycus, and Allison violated his Eighth Amendment right to receive adequate medical care; (2) the Court dismisses without prejudice Mr. Ross's Fourteenth Amendment and tort of outrage claims; (3) the Court dismisses without prejudice as parties from this lawsuit defendants Kimble, Douglas, Jackson, Johnson, HIG Capital, John Smith, Joe Smith, James Smith, Munn, Norton, and Randle; and (4) the Court certifies pursuant to 28 U.S.C. §

1915(a) that an *in forma pauperis* appeal from this Order would not be taken in good faith.

It is so ordered this 28th day of February, 2022.

_____
Kristine G. Baker
United States District Judge