IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOHN D. ROSS
ADC #158910                                                                    PLAINTIFF

v.                              Case No. 2:20-cv-00235-KGB-JJV

GREG RECHCIGL,
Health Services Administrator, EARU, *et al.*                    DEFENDANTS

ORDER

Before the Court are the Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Joe J. Volpe regarding separate defendant James Dycus' motion for summary judgment on the issue of statute of limitations (Dkt. No. 184). Plaintiff John D. Ross filed written objections to the Recommendations (Dkt. No. 189). After careful consideration of the Recommendations and Mr. Ross' objections, as well as a *de novo* review of the record, the Court adopts the Recommendations in their entirety as this Court's findings (Dkt. No. 184).

With respect to his objections, Mr. Ross alleges that the "Arkansas Department of Corrections East Arkansas Regional Unit, knowingly, willingly and deliberately destroyed all of Mr. Ross case work, wherein the plaintiff had evidence of the involvement of J. Dycus up to mid 2020." (Dkt. No. 189, at 1). Mr. Ross asks the Court to draw an inference that the contents of the destroyed files would have been adverse or detrimental to defendant Dycus (*Id.*, at 2).[1] Mr. Ross

---

[1] The Court notes that, to the extent Mr. Ross' objections relate to his allegedly confiscated legal materials, that issue has been addressed previously (Dkt. No. 149). The Court also observes that Mr. Ross may not litigate in this case new, unrelated claims, especially when he has not fully exhausted prior to filing suit grievances and administrative remedies as to those claims. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory."). If Mr. Ross wishes to pursue these new claims, he must properly exhaust those claims before pursuing them in a separate action filed against and naming the

did not outline in response to the motion for summary judgment on the issue of statute of limitations, and does not outline in his objections, what he contends that evidence would have shown with respect to defendant Dycus. Further, Judge Volpe in his Recommendations recognizes some evidence about defendant Dycus' conduct within the limitations period but explains why such evidence is insufficient to support Mr. Ross' claim and to defeat the pending request for summary judgment. On this record, the Court is unwilling to draw the evidentiary inference Mr. Ross requests. His objections are overruled.

As a result, the Court grants separate defendant Dycus' motion for summary judgment on the issue of statute of limitations (Dkt. No. 169). The Court dismisses with prejudice Mr. Ross' claims against separate defendant Dycus and dismisses with prejudice separate defendant Dycus as a party to this lawsuit. The Court certifies pursuant to 28 U.S.C. § 1915(a) that an *in forma pauperis* appeal taken from this Order would not be taken in good faith.

It is so ordered this 12th day of September, 2022.

_____
Kristine G. Baker
United States District Judge

---

appropriate parties. *See* Fed. R. Civ. P. 20; *see also Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (Federal Rule of Civil Procedure 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *Fulghum v. Allen*, 2015 626 Fed. App'x 653, 654 (8th Cir. 2015).