IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOHN D. ROSS
ADC #158910                                                                                         PLAINTIFF

v.                           Case No. 2:20-cv-00235-KGB-JJV

GREG RECHCIGL,
Health Services Administrator, EARU, *et al.*                                        DEFENDANTS

## ORDER

The Court has received the Recommended Disposition submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 214). Plaintiff John Ross filed timely objections to the Recommended Disposition (Dkt. No. 216). After careful consideration of the Recommended Disposition and all objections, and after a *de novo* review of the record, the Court adopts the Recommended Disposition as the Court's findings of fact and conclusions of law in all respects (Dkt. No. 214).

The Court writes to address Mr. Ross' objections (Dkt. No. 216). In his objections, the Court understands Mr. Ross to incorporate by reference the contents of his written objections to Judge Volpe's May 18, 2022, Order denying his renewed motion for injunctive relief and extension of time (Dkt. No. 213) as well as his response to the motion for summary judgment (Dkt. Nos. 173, 202) filed by remaining defendants Wellpath, LLC, Greg Rechcigl, Gary Kerstein, M.D., Geraldine Campbell, Jorge Dominicis, Juan Perez, and Thomas Pangburn, M.D. (Dkt. No. 216, at 1–3). Mr. Ross avers that he mailed these objections and response on May 28, 2022, "in compliance with the facility's procedures and in substantially the same manner as all other mail that Mr. Ross has sent to the District Court," but Mr. Ross alleges that Lieutenant Watson or another prison employee "negligently failed to mail the court filing." (*Id.*, at 3–4). As a result, Mr.

Ross contends that Judge Volpe was not able to consider his objections or response prior issuing his Recommended Disposition (*Id.*, at 4).

Upon review of the docket, the Court understands that Docket Number 215, "objection to ruling denying motion for injunctive relief and extension of time," is the same filing Mr. Ross references in his objections to the Recommended Disposition. (*Compare* Dkt. No. 216, at 1–3 *with* Dkt. No. 215, at 1–3). The Court has carefully reviewed and considered Mr. Ross' submission, including the attorney correspondence incorporated by reference therein (Dkt. No. 215, at 6–7). The Court also has reviewed *de novo* the entire record in this case to reach its conclusions. To the extent Mr. Ross seeks to appeal Judge Volpe's May 18, 2022, Order denying Mr. Ross' extension request, renewed motion for injunctive relief, and motion requesting assistance (Dkt. Nos. 209–211), the Court denies his motion to appeal (Dkt. No. 215). The Court affirms Judge Volpe's Order as Judge Volpe's Order is not clearly erroneous or contrary to law.

Mr. Ross further objects on the ground that he has been "deprived of legal assistance from his jailhouse lawyer and his legal materials" in violation of his constitutional rights (Dkt. No. 216, at 4). The Court notes that the issue of Mr. Ross' allegedly confiscated legal materials has been addressed (Dkt. No. 149). The Court also observes that Mr. Ross may not litigate in this case new, unrelated claims, especially when he has not fully exhausted prior to filing suit grievances and administrative remedies as to those claims. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory."). If Mr. Ross wishes to pursue these new claims, he must properly exhaust those claims before pursuing them in a separate action filed against and naming the appropriate parties. *See* Fed. R. Civ. P. 20; *see also Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (Federal Rule of Civil Procedure 20 permits "all reasonably related claims for relief by or against different parties to be

tried in a single proceeding."); *Fulghum v. Allen*, 2015 626 Fed. App'x 653, 654 (8th Cir. 2015). Accordingly, the Court overrules Mr. Ross' objections (Dkt. Nos. 215, 216).

For these reasons, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 214). As a result, the Court denies Mr. Ross' motion for summary judgment, declaratory judgment, and directed verdict (Dkt. No. 197). The Court grants remaining defendants Wellpath, LLC, Rechcigl, Kerstein, Campbell, Dominicis, Perez, and Pangburn's motion for summary judgment and supplemental motion for summary judgment (Dkt. Nos. 173, 202). The Court dismisses with prejudice Mr. Ross's claims against Wellpath, LLC, Rechcigl, Kerstein, Campbell, Dominicis, Perez, and Pangburn, and the Court dismisses with prejudice Wellpath, LLC, Rechcigl, Kerstein, Campbell, Dominicis, Perez, and Pangburn as parties from this case. The Court certifies pursuant to 28 U.S.C. § 1915(a) that an *in forma pauperis* appeal taken from this Order and the accompanying Judgment would not be taken in good faith.

It is so ordered this 12th day of September, 2022.

_____
Kristine G. Baker
United States District Judge